RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 27 / 12
        BDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARREN A. FRANK | DOCKET NO. 11-CV-2033; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| RONALD MARTINEZ, WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* filed by *pro se* petitioner Darren A. Frank, pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges a disciplinary conviction for which he claims to have been deprived of due process. As a result, he was denied privileges and received a change in his security level.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Factual Background*

On March 28, 2011, another inmate was found to be in possession of a cell phone. [Doc. #1, p.1] The phone was sent to a forensic laboratory in Washington, D.C. for examination. [Doc. #1, p.13] On April 7, 2011, SIS Technician D. Nugent received from the forensic lab copies of all of the images from the cell phone. Petitioner was one of the inmates who's image was captured on the phone. Because it is a violation for inmates to possess or

*participate in the use of* cellular telephones, Petitioner received an incident report.

Petitioner complains that he should have received a copy of the incident report on or about March 28, 2011, the date the phone was discovered. However, Petitioner's incident report is dated April 7, 2011, which is the day that the images retrieved from the phone were sent to USP-Pollock.

On April 12, 2011, Case Manager Dupont advised Petitioner of his rights before the Disciplinary Hearing Officer. A disciplinary hearing was conducted on May 6, 2011. [Doc. #1, p.15] Petitioner requested no staff representative and called no witnesses. Petitioner was found guilty of the charge and was sanctioned with temporary loss of privileges as follows: Visits - 3 months, Commissary - 3 months, TRULINCS - 3 months.

### *Law and Analysis*

The federal writ of habeas corpus is an extraordinary remedy that shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633-34, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief, the petitioner must

establish a constitutional violation.

Petitioner claims that his right to due process was violated in this instance. Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). Although a prisoner has a liberty interest in accumulated good time credits, see Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000), Petitioner did not lose any good time as a result of the disciplinary conviction. He only received suspension of privileges, and he has no liberty interest in commissary or visitation. See Madison v. Parker, 104 F.3d 765 (5th Cir. 1997).

Even if Petitioner experienced a change in his security level or custody classification status, there is no constitutionally protected liberty interest implicated. An inmate does not have a constitutionally protected liberty interest in his custodial or security classification. See Olim v. Wakinekona, 103 S.Ct. 1741, 1745 (1983); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).

Because no constitutionally protected liberty interests were implicated, Petitioner was not entitled to due process protections with regard to his disciplinary hearing.

### Conclusion

For the foregoing reasons **IT IS RECOMMENDED** that the Petition

be **denied and dismissed** with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of January, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE